**United States District Court**
**District of Minnesota**

| | |
|---|---|
| Beth Ann Bretoi, | Court file no. _____ (___/___) |
| Plaintiff, | |
| v. | **Complaint** |
| Phoenix Management Systems, Inc.; Jane Doe 1 and 2; | **JURY TRIAL DEMANDED** |
| Defendants. | |

## Jurisdiction

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o ("FDCPA") in their illegal efforts to collect a consumer debt.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendants transact business in Minnesota.

## Parties

4. Plaintiff Beth Ann Bretoi is a natural person who resides in St. Paul, Minnesota, and is a consumer as defined by 15 U.S.C. § 1692a(3).

5. Defendant Phoenix Management Systems, Inc. ("Phoenix"), is Minnesota corporation and collection agency with its principle place of business at 430 Oak Grove Street, #115, Minneapolis, Minnesota 55403. Phoenix is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendants Jane Doe 1 and 2 are each natural persons and employees of Phoenix and are each a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

### *Background*

7. Bretoi received collection communications from Defendants in an attempt to collect a debt from her that is a "debt" as defined by 15 U.S.C. § 1692a(5) ("the debt").

8. These actions were in violation of the FDCPA.

### *Voicemail messages*

9. From December 28, 2009, to the present, Defendants have left numerous voicemail messages on Bretoi's mobile phone.

### Failure to provide required notices and disclosures

10. Defendants failed to provide the "mini-*Miranda*" warning or disclose that the call was from a debt collector as required by 15 U.S.C. §§ 1692e(11).

11. Defendants failed to meaningfully disclose the caller's identity as required by 15 U.S.C. § 1692d(6).

12. Defendants have never sent any letter to Bretoi, including the 30-day validation notice required by 15 U.S.C. §§ 1692g-1692g(b).

### Misleading statements callers' names

13. Due to Defendants' failure to meaningfully disclose the callers' identities, their communications were misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

### *Summary*

14. The above-detailed conduct by Defendants in an effort to collect the debt represents violation of multiple provisions of the FDCPA, including, but not limited to the provisions enumerated in the preceding paragraphs.

15. Bretoi has suffered actual damages as a result of Defendants' illegal conduct in the form of emotional distress, stress, fear of answering her telephone, embarrassment, and other negative emotions.

### Trial by Jury

16. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7; Fed. R. Civ. P. 38.

# Count 1:
# Violations of the Fair Debt Collection Practices Act
# 15 U.S.C. §§ 1692-1692o

17. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

18. The foregoing intentional and negligent acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

19. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against Defendants for:

a. statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

c. costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

d. actual damages for the emotional distress suffered as a result of the invasions of Plaintiff's privacy in an amount to be determined at trial; and

e. such other and further relief as this Court determines just and proper.

**The Glover Law Firm, LLC**

Date: <u>March 25, 2010</u>         <u>s/Samuel J. Glover</u>
Samuel J. Glover (#327852)
Randall P. Ryder (#389957)
125 Main Street SE, #250
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.1947
e-mail • email@theglf.com

Attorneys for Plaintiff

## Verification

**Beth Ann Bretoi**, being duly sworn on oath, deposes and says that she is the Plaintiff in this action; that she makes this verification on her own behalf and under penalty of perjury, being duly authorized to do so; that she has read the foregoing Complaint and knows the contents thereof, and that the same is true to her knowledge, except as to those matters stated on information and belief, and as to those matters she believes them to be true; that the grounds for her knowledge and belief is information derived from her books and records, or written instruments in her possession.

Date: *March 25, 2010*  *[signature]*
Beth Ann Bretoi

Subscribed and sworn to before me
this *25th* day of *March*, 2010.

*[signature]*
Notary Public

SAMUEL J. GLOVER
Not...